FILED

NOV 1 0 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| In re | Case No. 07-27982-A-7 |
| ROYCE LEE MAKISHIMA and TERRA ANN MAKISHIMA, | |
| Debtors. | |
| GRACE MILES, | Adv. No. 08-2006 |
| Plaintiff, | Docket Control No. None |
| vs. | |
| ROYCE LEE MAKISHIMA and TERRA ANN MAKISHIMA, | |
| Defendants. | |

**MEMORANDUM**

I

Plaintiff Grace Miles has filed a motion to recuse Bankruptcy Judge Michael S. McManus on the ground that he has exhibited a bias or prejudice against her as evidenced by the following:

(1) Judge McManus wrongfully denied her request for waiver of the filing fee for this adversary proceeding;

(2) Judge McManus "sushed" her at a hearing on May 27, 2008, when she argued her constitutional rights had been violated in an earlier state court trial;

(3) she "was manipulated by Judge McManus" into stating that the purpose of this adversary proceeding was to except a debt from discharge pursuant to 11 U.S.C. § 523(a)(6) rather than to deny defendants Royce and Terra Makishima's discharges pursuant to 11 U.S.C. § 727;

(4) Ms. Miles was wrongfully denied permission to file documents electronically;

(5) after telling one of the defendants' agents that she often used the court's filing "drop-box," the court closed the drop-box, indicating to Ms. Miles that Judge McManus was conspiring with the defendants to deny or limit her access to the court;

(6) because Judge McManus stated during a September hearing that "we decided to remand" the state court action, he must have discussed such remand with another bankruptcy judge from the Northern District of California who ordered such remand;

(7) Judge McManus erroneously informed Ms. Miles that she did "not have a right to a jury trial, and that there are no jury trials in bankruptcy court;" and

(8) Judge McManus has failed to transfer this adversary proceeding to the United States District Court as requested in her pending motion to withdraw the reference.

Preliminarily, the court[1] notes that the last two pages of the recusal motion are pages two and three of an unrelated motion, a Motion for Sanctions filed by Ms. Miles on October 20. See Adv. Proc. No. 08-2006, Docket Nos. 132 and 133. The Motion for Sanctions is directed against the Makishimas and their attorneys and seeks damages for their alleged violation of the

---

[1] Judge McManus has been the only bankruptcy judge to preside in the Makishimas' bankruptcy case as well as in the adversary proceeding filed by Ms. Miles. Consequently, references to "the court" and "this court" are to Judge McManus.

automatic stay.[2]  Page two of the Motion for Sanctions is actually page two of the recusal motion.

## II

Ms. Miles was a financial consultant and vice president of investments at A.G. Edwards & Sons, Inc., where Mr. Makishima was also employed.  See Declaration of Royce Lee Makishima in Support of Opposition to Issuance of Preliminary Injunction ¶ 3, Adv. Pro. No. 08-2006, Docket No. 78.

On November 17, 2004, Ms. Miles commenced a state court action in San Mateo County against Mr. Makishima and A.G. Edwards.  See Declaration of Lindsey K. Schroeder in Support of Opposition to Issuance of Preliminary Injunction ¶ 3, Adv. Pro. No. 08-2006, Docket No. 76.  This action accused Mr. Makishima of assault, battery, sexual battery, trespass, stalking, sexual harassment, false imprisonment, invasion of privacy, infliction of emotional distress, failure to accommodate disability, disability discrimination, harassment and retaliation, negligence, negligent hiring and supervision, constructive termination, wrongful termination, breach of covenant of good faith, violation of California Civil Rights Act, conspiracy to deprive civil rights, unfair business practices, violation of Cal. Civ. Code § 52.4 (gender violence), and violation of a whistle-blower statute (Cal. Labor Code § 1102.5).  See Exhibit 1

---

[2] Because the Motion for Sanctions seeks to redress an alleged violation of the automatic stay triggered by the filing of the bankruptcy case, it should have been filed in the main bankruptcy case rather than in the adversary proceeding.

1  in Support of Opposition to Issuance of Preliminary Injunction,

2  Adv. Pro. No. 08-2006, Docket No. 79.

3      From June 12, 2007 through July 5, 2007, the state court

4  presided over a bench trial.  <u>See</u> Declaration of Lindsey K.

5  Schroeder in Support of Opposition to Issuance of Preliminary

6  Injunction ¶ 4, Adv. Pro. No. 08-2006, Docket No. 76.

7      On September 28, after the parties had presented their

8  evidence but before the state court had issued its decision or

9  entered a judgment, the Makishimas filed a chapter 7 petition.

10  With their bankruptcy petition, they filed a master address list

11  with the names and mailing addresses of all of their creditors,

12  including Ms. Miles.

13      On October 3, 2007, the bankruptcy court utilized this list

14  to mail to Ms. Miles and to all other creditors notice that the

15  bankruptcy had been commenced; the date, time and location of the

16  meeting of creditors; the deadline to object to the Makishimas'

17  exemptions; and the deadline to file complaints objecting to the

18  Makishimas' discharge and to their discharge of debts.  <u>See</u> Case

19  No. 07-27982, Docket No. 6.

20      The Makishimas' statement of financial affairs also

21  identified the pending litigation with Ms. Miles in their

22  response to the fourth question.[3]  <u>See</u> Case No. 07-27982, Docket

23  No. 1.

24

25      [3] The Makishimas' statement of financial affairs erroneously

26  identified the state court action as pending in the United States
District Court for the Northern District of California, Case No.

27  C-06-1295 MMC.  While the action had been removed to that
district court on September 25, 2006, that court had remanded it

28  back to state court.

-4-

Apparently unaware that the bankruptcy petition had been filed, the state court issued a tentative statement of decision on October 12, 2007, ruling in favor of Mr. Makishima and A.G. Edwards on all claims.  See Exhibit 2 in Support of Opposition to Issuance of Preliminary Injunction, Adv. Pro. No. 08-2006, Docket No. 79.

On January 2, 2008, the last day to file complaints to deny the Makishimas' discharge or to except debts from their discharge, Ms. Miles filed a complaint against them.  Her complaint is titled "Complaint Objecting to Discharge of the Debtor."  See Adv. Pro. No. 08-2006, Docket No. 1.  On the cover sheet accompanying the complaint, Ms. Miles indicated that her complaint was "objecting to discharge of the debtor under § 727(a) pursuant to § 341(a)."  And, she checked the box indicating that she wished to object to, or to revoke, the Makishimas' discharge under 11 U.S.C. § 727.  See Adv. Pro. No. 08-2006, Docket No. 2.

The complaint, which is eight lines long, refers to the state court action and alleges that the Makishimas had failed to notify the state court of their bankruptcy filing, and further alleges that Ms. Miles "has reason to believe that Makishima has not been completely truthful regarding his filing."  See Adv. Pro. No. 08-2006, Docket No. 1.  The complaint does not state in what respect the Makishimas had not been truthful.

The complaint was accompanied by a motion for waiver of the filing fee.  See Adv. Pro. No. 08-2006, Docket No. 7.

Effective October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 authorized bankruptcy courts

-5-

to waive the filing fee for individual chapter 7 debtors whose incomes are less than 150% of the official poverty line as defined by the Office of Management and Budget.  See 28 U.S.C. § 1930(f).  Also, if the bankruptcy court waives the original filing fee for an individual chapter 7 debtor, it may waive all other bankruptcy court fees for that debtor.  See 28 U.S.C. § 1930(f)(2).  Because Ms. Miles is not a chapter 7 debtor, section 1930(f) did not authorize the court to waive the adversary proceeding filing fee or any other fee.

In order to waive a fee for a creditor, the bankruptcy court would have to utilize 28 U.S.C. § 1915(a), the general federal *in forma pauperis* statute.  It permits a "court of the United States" to authorize the commencement of any suit, action, or proceeding without prepayment of fees by a person unable to pay those fees.  The Court of Appeals for the Ninth Circuit has concluded, however, that a bankruptcy court is not a "court of the United States" because it is not a court created under Article III of the United States Constitution.  See Perroton v. Gray (In re Perroton), 958 F.2d 889 (9th Cir. 1992).  Hence, because only an Article III court, such as the United States District Court, may utilize section 1915(a) to waive fees,[4] this court could not waive Ms. Miles' filing fee.

///

---

[4] Furthermore, in connection with an appeal to the district court that is discussed briefly below, Ms. Miles made application pursuant to section 1915(a) for waiver of an appellate filing fee.  The district court denied her application on October 6, 2008 because she was "able to pay the requisite fees and costs."  See Case No. 07-27982, Docket No. 87.

On January 4, the court denied the motion to waive the filing fee for the adversary proceeding.  <u>See</u> Adv. Pro. No. 08-2006, Docket No. 8.  Ms. Miles thereafter paid the filing fee of $250.

On February 11, before any response had been filed to her complaint, Ms. Miles filed an amended complaint, titled "First Amended Complaint Objecting to Discharge of the Debtor."  <u>See</u> Adv. Pro. No. 08-2006, Docket No. 16.  The amended complaint, unlike the original complaint, repeated some of the factual allegations of the state court action and asserted that Mr. Makishima's actions "were willful and malicious," demanded damages, and asked that those damages be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

The amended complaint also repeated the allegation in the original complaint that Mr. Makishima "may not be be [sic] completely truthful regarding his filing."  The amended complaint, however, expanded on this allegation by adding that Mr. Makishima "did not file anything in the State Court regarding notification of his bankruptcy filing."  It next alleged that Mr. Makishima "calculated his timing of filing for Chapter 7 to influence the Courts in the State Case. . . ."

On March 12, the Makishimas moved to dismiss the amended complaint.  The motion was originally scheduled for a hearing on April 14.  <u>See</u> Adv. Pro. No. 08-2006, Docket No. 20.  On March 26, however, the parties stipulated to a continuance of the hearing to April 28.  <u>See</u> Adv. Pro. No. 08-2006, Docket No. 26.

On March 21, in the underlying bankruptcy case, the Makishimas filed a stipulation between themselves and the chapter

-7-

7 trustee, providing that the automatic stay of 11 U.S.C. §
362(a) would be annulled to ratify the post-bankruptcy decision
announced by the state court, and modified to permit entry of a
judgment consistent with that decision.   Additionally, the
stipulation would permit the parties to file and prosecute all
post-judgment motions and appeals.  See Case No. 07-27982, Docket
No. 26.  On March 25, the court filed its order approving the
stipulation.  See Case No. 07-27982, Docket No. 30.

Entry of this order was a mistake because Ms. Miles and all
other creditors had been informed by counsel for the Makishimas
that they had until April 1 to object to the stipulation.  See
Case No. 07-27982, Docket No. 27.  Two factors contributed to the
court's mistake.

First, as a matter of routine in chapter 7 cases, when the
court is asked to approve stipulations for relief from the
automatic stay, the court approves such stipulations without a
hearing when both beneficiaries of the automatic stay, the estate
and the debtor, have agreed to waive the protections of the
automatic stay.  Typically, these stipulations are lodged by a
creditor wishing to take some action to enforce a claim against
its collateral or the debtor.  In this case, however, the court
initially failed to notice that the creditor, that is, Ms. Miles,
was not a party to the stipulation.

Second, when the stipulation was filed, the Makishimas'
attorney also lodged an order approving it.  In this court,
orders are not to be lodged unless no hearing is necessary or,
when necessary, it has been concluded.  The lodging of the order,
then, suggested to the court that it was appropriate to enter an

-8-

order.[5]

Nevertheless, the court discovered its error and on March 28, it vacated the March 25 order approving the stipulation. In vacating the order, the court required the Makishimas' attorney to set a hearing to consider approval of the stipulation. See

---

[5] In addition to prematurely lodging the order, counsel for the Makishimas made a further error. In asking the court to approve the stipulation, the Makishimas and the trustee utilized the "notice of opportunity for hearing" procedure permitted by 11 U.S.C. § 102(1). Under this procedure, relief may be requested without actually scheduling a motion for a hearing. A hearing is held only if someone objects, within a specified time period, to the relief requested.

However, Local Bankruptcy Rule 9014-1(k), limits use of this procedure; it is not authorized for use in connection with relief from the automatic stay. Local Bankruptcy Rule 9014-1(k) provides:

(1) The notice of opportunity for hearing procedure, as defined in 11 U.S.C. § 102(1), may only be used as permitted in the Court's General Order dealing with chapter 13 practice. In all other matters, if an order is necessary or is desired by the moving party, the motion should be set for hearing pursuant to this Local Rule.

(2) When the notice of opportunity for hearing procedure is used, the notice shall.

(i) Succinctly describe the action to be taken;

(ii) State that unless written objections and/or a request for a hearing are served on the moving party and filed with the Clerk on or before the date specified in the notice, the action shall be taken;

(iii) Provide a minimum of ten (10) days after service (or the longer periods required by, e.g., FRBP 2002 or 3007) for the filing of the request for hearing or objections by a party-in-interest; and

(iv) Be filed with the Clerk and served by the moving party on all creditors, the debtor, the trustee or other persons as appropriate or required.

(3) No hearing date shall be set by the moving party unless an objection or a request for hearing is made by a party-in-interest, in which event, the moving party shall promptly set the matter for hearing by filing a notice of hearing with the Clerk and serving the notice in accordance with this Local Rule.

(4) If no objection or request for hearing is timely filed, the moving party may proceed to take any proposed action that does not require Court approval.

Case No. 07-27982, Docket No. 35.  On March 31, that motion was filed and it was set for hearing on April 28.  See Case No. 07-27982, Docket Nos. 36 and 37.

On April 9, Ms. Miles requested a continuance to May 27 of the hearings on the motion to dismiss and the motion to approve the stipulation.  See Adv. Pro. No. 08-2006, Docket No. 29.  Over the objection of the Makishimas, the court granted Ms. Miles' request for continuance of the hearing on the motion to dismiss, but it declined to continue the hearing on the stipulation.  See Adv. Pro. No. 08-2006, Docket Nos. 31, 36.

Ms. Miles was represented by counsel at the April 28 hearing on the motion to approve the stipulation.  That stipulation essentially sought three things: (1) retroactive annulment of the automatic stay to ratify the state court's post-petition issuance of its tentative statement of decision in favor of Mr. Makishima and A.G. Edwards; (2) modification of the automatic stay to permit the entry of a judgment consistent with that statement of decision; and (3) modification of the automatic stay to allow all parties to proceed with any post-trial motions and/or appeals.

This court determined that such relief was appropriate because the state court had concluded a trial before the Makishimas filed their bankruptcy petition.  See Case No. 07-27982, Minutes including Final Ruling, Docket No. 53.  Indeed, this court would have entered the same order if the state court's statement of decision had been in favor of Ms. Miles and against Mr. Makishima.  Whatever the result in state court, because it had concluded the taking of evidence prior to the filing of the bankruptcy petition, there was no good reason to not let the

state court make its decision and enter its judgment.  Once a judgment was entered, this court would determine its impact on the Makishimas' bankruptcy discharge.

Ms. Miles' opposition to the stipulation dwelt on the substantive and procedural errors she believed the state court had made before and during the trial.  This court came to no conclusion regarding her assertions of error.  Instead, it concluded that, by approving the stipulation, it was granting leave to Ms. Miles to file whatever motion or appeal she thought proper in whatever nonbankruptcy forum she thought appropriate.

On April 30, this court entered its order approving the stipulation for relief from the automatic stay, permitting the continuation of the state court action.  See Case No. 07-27982, Docket Nos. 53 and 56.

Before the state court entered a judgment, Ms. Miles removed the action to the bankruptcy court in the Northern District of California.  See Declaration of Lindsey K. Schroeder in Support of Opposition to Issuance of Preliminary Injunction ¶ 6, Adv. Pro. No. 08-2006, Docket No. 76.

On May 13 she also appealed this court's order approving the stipulation.

Ms. Miles filed her opposition to the motion to dismiss her amended complaint on May 13, and the Makishimas filed a reply on May 20.  See Adv. Pro. No 08-2006, Docket Nos. 42 and 46.  Ms. Miles and counsel for the Makishimas both attended the May 27 hearing.

In their motion to dismiss, the Makishimas argued that the amended complaint included a single claim for relief under 11

-11-

U.S.C. § 523(a)(6). Because this claim was not alleged in the
original complaint, and because the amended complaint was not
filed until after the deadline for filing complaints pursuant to
either or both section 523(a)(6) and section 727(a), the
Makishimas argued that the court should dismiss the amended
complaint.

Fed. R. Civ. P. 15(c)(1)(B) relates an amended pleading back
to the filing of the original pleading if "the amendment asserts
a claim . . . that arose out of the conduct, transaction, or
occurrence set out - or attempted to be set out - in the original
pleading. . . ."

An amended pleading filed after the expiration of a
limitations period that does not change the parties usually
occurs under one of two circumstances. Either the same factual
allegations are asserted as in the original complaint, but the
claim for relief or legal basis for the relief requested changes,
or the same claim for relief is asserted, but there is a change
in the underlying factual allegations. See Birdsell v. U.S. West
Newvector Group, Inc. (In re Cellular Express of Arizona, Inc.),
275 B.R. 357, 362 (Bankr. D. Ariz. 2002).

In the first circumstance, the court must look to whether
the claim to be added will likely be proved by the "same kind of
evidence" offered in support of the original pleading. See
Cellular Express, 275 B.R. at 362 (citing Percy v. San Francisco
Gen. Hosp., 841 F.2d 975, 978 (9th Cir. 1988)). On the other
hand, in the second circumstance, the court must look to the
original pleading to determine whether the defendant was put on
notice of the particular set of facts that the plaintiff believes

to have caused the claim.  See Cellular Express, 275 B.R. at 362

(citing Magno v. Rigsby (In re Magno), 216 B.R. 34, 39 (B.A.P.

9th Cir. 1997)).

The Makishimas argued that the amended complaint added a

completely new claim for relief under section 523(a)(6).  This

new claim was not alleged in the original complaint and it could

not be proven by the evidence that would likely be proffered to

prove the allegations of the original complaint.

The original complaint made vague allegations of

improprieties by Mr. Makishima related to the filing of the

bankruptcy petition.  It alleged that Mr. Makishima had not

notified the state court of his bankruptcy filing and that he

"has not been completely truthful regarding his filing."

While the sufficiency of these allegations to a claim under

section 727(a) is arguable, they might conceivably be relevant to

such a claim.  See 11 U.S.C. § 727(a)(3)-(7).  However, the

circumstances surrounding the filing of a bankruptcy petition are

not relevant to whether debt incurred prior to the filing of a

bankruptcy petition is made nondischargeable by section

523(a)(6).  The Makishimas thus argued that the two complaints

asserted completely different claims based on different facts.

And, because the claim under section 523(a)(6) was filed after

the deadline, it was untimely and did not relate back to the

timely claim under section 727(a).  See Fed. R. Bankr. P. 4004(a)

and 4007(c).

The court questioned Ms. Miles at the May 27 hearing to

ascertain what relief she had been requesting in her original

complaint.  If she was requesting only that a discharge be denied

-13-

under section 727(a), then the Makishimas' motion to dismiss the later filed claim under section 523(a)(6) might have merit.  On the other hand, if her original complaint had requested relief under section 523(a)(6), the amended complaint would relate back to the timely-filed original complaint.

At that hearing Ms. Miles' explained that she was not pursuing a claim for relief under 11 U.S.C. § 727.  Rather, she was pursuing a claim under 11 U.S.C. § 523(a)(6).  See May 27 Final Ruling on Motion to Dismiss, Adv. Pro. No. 08-2006, Docket No. 49.  That is, Ms. Miles confirmed that she was requesting that Mr. Makishima's liability to her be excepted from his bankruptcy discharge.  See Transcript of May 27 hearing, Adv. Pro. No. 08-2006, Docket No. 96 at 8 ln 18-23, 13 ln 17-18, and 20 ln 18 - 22 ln 5.

While the original complaint was hardly a model of clear pleading of a claim under section 523(a)(6), because Ms. Miles authored it (as well as the amended complaint) without the assistance of an attorney, because the original complaint made some reference to the claim for damages pending in the state court, and because the amended complaint more clearly signaled an intention to proceed under section 523(a)(6), the court concluded that Ms. Miles was attempting in both pleadings to assert a claim under section 523(a)(6).  Her purpose in filing the amended complaint was simply to make this clearer.

The recusal motion now maintains that Ms. Miles also wanted to object to the Makishimas' discharge pursuant to section 727(a) and that this court tricked her into stating that she was not making a claim under section 727(a).

The court questioned Ms. Miles at the May 27 hearing because the nature of the claim being asserted in both pleadings was far from clear. The original complaint was particularly sparse. When considering the two complaints together, it appeared to the court that Ms. Miles' objective was to prevent the discharge of the alleged debt owed by Mr. Makishima to her. If so, this would relate the amended complaint back to the original complaint, and the amended complaint would survive the dismissal motion.

If, as now argued by Ms. Miles, the two complaints also asserted a claim under section 727(a), they failed to allege a viable claim for relief.

For one thing, the amended complaint alleged that Mr. Makishima "may not have been completely truthful regarding his filing." This allegation is much too vague. It fails to allege a particular false statement that is material and that was knowingly and fraudulently made. See 11 U.S.C. § 727(a)(4)(A). Indeed, the amended complaint does not even allege that a false statement was actually made, just that one "may" have been made.

Also, if Ms. Miles is asserting that Mr. Makishima failed to inform the state court that he had filed a bankruptcy petition, such was not a false statement in the bankruptcy case. This omission occurred in state court. Neither the Bankruptcy Code nor the Bankruptcy Rules require such notice.[6]

---

[6] Common courtesy, however, should have motivated the Makishimas' attorney to file a notice in the state court informing it of the petition and the automatic stay. Some California trial courts have local rules requiring notice of a bankruptcy petition. For instance, Sacramento County Superior Court Rule 11.20 provides: "Any party to a civil action that becomes aware of a bankruptcy stay being lifted shall file and

-15-

1    Ms. Miles did not allege that Mr. Makishima falsely informed
2    this court that he informed the state court of his bankruptcy
3    petition.  And, a review of the schedules and statements filed by
4    the Makishimas reveals no such statement.

5    The Makishimas only were required to list Ms. Miles as a
6    creditor and to disclose the pending litigation with her.  They
7    did so.

8    Finally, the amended complaint asserts that the Makishimas
9    somehow timed the filing of their petition to influence the state
10   court in their favor.

11   Assuming this to be true, it does not support a claim under
12   any subsection of section 727(a).  As eligible debtors under 11
13   U.S.C. § 109(b), the Makishimas did not violate section 727(a)
14   merely by filing a chapter 7 petition.

15   Also, consideration of the allegation that the Makishimas
16   failed to inform the state court of their bankruptcy petition
17   with the allegation that their petition was timed to influence
18   the state court, reveals a logical inconsistency.  If Mr.
19   Makishima failed to tell the state court that he had filed
20   bankruptcy, how did its filing unfairly bias the state court in
21   his favor?  After all, the state court issued its tentative
22   statement of decision before learning of the bankruptcy petition.

23

24   serve written notice to the assigned Case Management Program
25   department within five court days."  Under this rule, both Mr.
     Makishima and Ms. Miles would have been obligated to advise the
26   state court of the bankruptcy.  However, it does not appear that
     San Mateo County Superior Court has a comparable rule.  If it
27   did, its violation might warrant its sanction of Mr. Makishima or
     his attorney but such a rule violation, by itself, would not
28   justify a denial of a bankruptcy discharge.

-16-

Even though this court concluded that the amended complaint asserted a claim only under section 523(a)(6) that related back to the original complaint, the court was not in a position to deny the motion to dismiss the amended complaint at the May 27 hearing.  The court continued the hearing on the motion to dismiss to August 11 for two reasons.

First, Ms. Miles requested a continuance in order to retain an attorney.[7]

Second, because the state court had previously announced its decision in favor of the Makishimas, and because this court had modified the automatic stay to permit the parties to continue the prosecution of the action, whether it remained in the state court or in the Northern District of California, it made sense to hold the motion to dismiss in abeyance to see if there would be an adverse judgment that could be excepted from the Makishimas' discharge.  See Adv. Pro. No. 08-2006, May 27, 2008, Final Ruling on Motion to Dismiss, Docket No. 49.

On July 11, Ms. Miles filed a motion for stay pending appeal in connection with her appeal from the order approving the stipulation.  See Adv. Pro. No. 08-2006, Docket No. 61.[8]  This court declined to enter a stay because Ms. Miles filed her notice

---

[7] The attorney representing Ms. Miles in connection with the motion to approve the stipulation for relief from the automatic stay withdrew from that representation shortly after the April 28 hearing.

[8] That motion was filed in the adversary proceeding rather than in the main bankruptcy case.

of appeal four days after the appeal period had expired.[9]  Also,
Ms. Miles' motion failed to offer any evidence or argument
establishing that (1) she was likely to succeed on the merits,
(2) she was likely to sustain irreparable injury without the
stay, (3) the Makishimas were unlikely to be injured by a stay,
and (4) the public interest would not be harmed if a stay was
granted.  See Wymer v. Wymer (In re Wymer), 5 B.R. 802, 806
(B.A.P. 9th Cir. 1980); see Fed. R. Bankr. P. 8005; see also
Order Denying Motion for Stay Pending Appeal and Memorandum
Decision, Adv. Pro. No. 08-2006, Docket Nos. 69 and 70.

Despite denying a stay, the court also construed the motion
as a request by Ms. Miles for yet another continuance of the
hearing on the motion to dismiss.  See Adv. Pro. No. 08-2006,
Docket Nos. 69 and 70.  A continuance was granted to September 8.

In addition to seeking a stay pending appeal of the order
approving the stipulation, Ms. Miles also sought injunctive
relief in her adversary proceeding against Mr. Makishima, his
agents, and attorneys to stop their alleged harassment of her.
See Adv. Pro. No. 08-2006, Docket Nos. 71, 82.  The court denied
a temporary restraining order on July 24 but scheduled a hearing
for August 11 to consider a preliminary injunction.  See Adv.
Pro. No. 08-2006, Docket Nos. 73, 74.  The court denied a
preliminary injunction for a variety of reasons, including Ms.
Miles' failure to produce any evidence of harassment and the

---

[9] The district court ultimately dismissed the appeal because
it was untimely.  See Case No. 08-CV-01062-JAM, August 12, 2008
Order, as appearing on docket of Case No. 07-27982, docket no.
86.

-18-

state court's decision that no similar harassment had occurred before the filing of the petition.

At the August 11 hearing, Ms. Miles also asserted a right to a jury trial of her claim under section 523(a)(6). She now complains that the court told her that she does not have a right to a jury trial and that there are no jury trials in bankruptcy court.[10] This misstates the court's comments.

At the August 11 hearing, Ms. Miles informed the court that her claim in the adversary proceeding was under 11 U.S.C. § 523(a)(6). Transcript of August 11 Hearing, Adv. Pro. No. 08-2006, Docket No. 124, at 8 ln 16. In response, the court told Ms. Miles that she is "not entitled to a jury trial in bankruptcy court on a 523(a)(6) complaint." Id. at 8 ln 20-22. The court also indicated that Ms. Miles "is not entitled to a jury trial on a dischargeability action." Id. at 8 ln 23-24.

While no order was entered regarding Ms. Miles' request for a jury trial, these statements accurately reflect the law on the issue. There is no right to a jury trial on dischargeability actions. See Am. Express Travel Related Servs. Co. Inc. v. Hashemi (In re Hashemi), 104 F.3d 1122, 1124 (9th Cir. 1996); Sasson v. Sokoloff (In re Sasson), 424 F.3d 864, 870 (9th Cir. 2005), cert. denied, 547 U.S. 1206 (2006) (holding that there is no right to a jury trial, either on the dischargeability issue or on the underlying claim for money).

---

[10] Because Ms. Miles does not identify at which hearing the court made these statements, the court has reviewed the transcripts for the hearings on May 27, August 11, and September 8, 2008. The only hearing at which the court discussed Ms. Miles' request for a jury trial was the August 11 hearing.

Ms. Miles also asserts in the recusal motion that she complained at the earlier May 27 hearing on the motion to dismiss the adversary proceeding that her constitutional right to jury trial had been denied to her by the state court.  Therefore, she wanted this court, or perhaps the district court given 28 U.S.C. § 157(b)(5), to conduct a new trial, this time with a jury.  Ms. Miles complains that the court, instead of listening to this argument, "sushed" her.

Careful review of the May 27 transcript, however, does not reveal an instance where the court "sushed" Ms. Miles.  Ms. Miles may be referring to the following colloquy at the May 27 hearing:

| | |
|---|---|
| Court: | Let me – let's just step back for a moment.  Let me ask the attorney on the phone questions so I know what's going on.<br>I've modified the automatic stay to permit the state court matter to go forward.  Has the state court done anything . . .? |
| Hami: | No, Your Honor. [Mr. Hami then discusses Ms. Miles' removal of the state court action to the bankruptcy court in the Northern District of California.] |
| Court: | All right, well, here's the reason I'm asking.  As I recall what happened in state court is the matter was tried in state court . . . apparently with a jury; is that right? |
| Miles: | I was denied – |
| Court: | No, just a minute.  I'm talking to the attorney. . . . So, it was tried without a jury, right? |
| Hami: | That's correct, Your Honor. |
| Court: | And before the trial judge made his or her findings and conclusions, this bankruptcy was filed. |
| Hami: | Correct.  The trial concluded before the bankruptcy was filed, but the tentative was not issued. |
| Court: | Right.  I'm saying the trial was finished.  I mean, in terms of witnesses being called, that was done. |
| Hami: | Right. |
| Court: | And in the interval between the conclusion of evidence and the state court's . . . finding of facts and conclusions of law . . . bankruptcy was filed.  You disagree with that, Ms. Miles? |
| Miles: | [Ms. Miles discusses the dismissal of Doe defendants and the filing of post-trial motions.]<br>. . . |
| Court: | . . . Were there any witnesses called to testify, any other evidence produced after the bankruptcy was filed? |

-20-

```
Miles:     I don't believe so.
Court:     All right.  So, my point is all the evidence was taken
           before the bankruptcy was filed . . . and then the
           state court made its findings and conclusions, right?
Hami:      Correct.
```

See Transcript, May 27 Hearing, Adv. Pro. No. 08-2006, Docket No. 96, at 4 ln 20 through 7 ln 18.

Later during the hearing, Ms. Miles made clear to the court that she believed the state court had denied her right to a jury trial.

```
Miles:     . . . what [I] understand is that I'm entitled to have
           a jury trial and I asked for that.
Court:     No, Ms. Miles, you're fighting me here, and I'm not
           trying to trick you. . . . [Y]ou may present all of
           these issues in state court.  Maybe you're right, you
           were entitled to a jury trial and therefore it's going
           to be retried in state court. . . .
           . . .
Miles:     . . . [O]bviously, I was denied my constitutional right
           in state court.  It's a mess.
```

See Transcript, May 27 Hearing, Adv. Pro. No. 08-2006, Docket No. 96, at 10 ln 16 through 11 ln 12.

The court interrupted Ms. Miles' during the oral presentation but did not prevent her from making her point.[11]  It is by no means unusual for a trial judge presiding at the argument of a motion to interrupt counsel and parties to ask questions.  Despite the interruptions, Ms. Miles communicated to the court her belief that she had been improperly denied a jury trial in state court, and so she wanted one in federal court.

However, this court determined that, because the parties had

---

[11]    The court considered 145 matters on its May 27 law and motion calendar.  As suggested by the 28-page transcript of the hearing in the Makishima proceeding, the court spent more time on that motion than any other matter.

-21-

presented all of their evidence at a trial in state court, the parties should continue in state court.  When a judgment was entered, Ms. Miles could then pursue her constitutional and other challenges to the judgment in the state courts.  Ms. Miles, for instance, would be free to attempt to overturn any judgment on the ground that she had been denied a jury trial.  If she was successful, she would then be allowed the jury trial she was demanding.

When there was a judgment from the state court, this court then would consider its impact on the Makishimas' bankruptcy discharge.

The bankruptcy court in the Northern District of California was apparently of the same opinion.  It remanded the action back to state court on July 17.  See Declaration of Lindsey K. Schroeder in Support of Opposition to Issuance of Preliminary Injunction ¶ 7, Adv. Pro. No. 08-2006, Docket No. 76.  The state court entered a judgment in favor of Mr. Makishima on all claims on July 28.  See Declaration of Lindsey K. Schroeder in Support of Opposition to Issuance of Preliminary Injunction ¶ 8, Adv. Pro. No. 08-2006, Docket No. 76; see also Declaration of Lindsey K. Schroeder in Support of Notice of Lodging of Final Judgment Entered in State Court Action ¶¶ 2, 3, Adv. Pro. No. 08-2006, Docket No. 87.

At the September 8 hearing on the motion to dismiss, however, Ms. Miles convinced this court to delay ruling on the motion to dismiss until she had the opportunity to attend a hearing on a motion to set aside or vacate the state court's judgment.  The hearing on that motion was scheduled for September

9.  This court once again continued the hearing on the motion to dismiss, this time to October 20.  See Adv. Pro. No. 08-2006, Docket No. 90.

The state court denied Ms. Miles' motion to vacate its judgment.  See Declaration of Lindsey K. Schroeder Re Outcome of Motion to Vacate State Court Judgment, ¶ 3, Adv. Pro. No. 08-2006, Docket No. 93.  Thus, in the absence of a liability owed to Ms. Miles by the Makishimas, this court was prepared to conclude at the October 20 hearing that it should dismiss the complaint to except the liability from their discharge.  However, there have been two more intervening developments.

First, on September 19, Ms. Miles filed a motion to withdraw the district court's reference of the adversary proceeding to the bankruptcy court.  See Adv. Pro. No. 08-2006, Docket No. 97. From her later comments at the October 20 hearing, it appears Ms. Miles is under the impression that the mere filing of this motion compels this court to transfer the adversary proceeding to the district court.

But, 28 U.S.C. § 157(d) specifies that a motion to withdraw the reference must be decided by the district court.[12]  See also

---

[12] The withdrawal motion asks that the reference be withdrawn to the United States District Court for the Northern District of California.  The motion indicates that there is a pending related case in that court.  The related case referred to in the motion bears the same case number referred to in footnote 3 above.  As noted above, however, the United States District Court for the Northern District of California remanded that case to the San Mateo Superior Court approximately two years ago.  But, whether or not there is a pending related case in the Northern District, because it was the United States District Court for the Eastern District of California making the initial reference of bankruptcy cases and proceedings to this court, it is the proper court to

-23-

Fed. R. Bankr. P. 5011(a). The bankruptcy court is not required
to "transfer" an adversary proceeding to the district court
merely because a party has requested the withdrawal of the
reference. A withdrawal occurs only if the district court orders
it. Moreover, pending the district court's resolution of the
withdrawal motion, Fed. R. Bankr. P. 5011(c) provides that the
pending motion does not stay the adversary proceeding before the
bankruptcy court.[13]

At the October 20 hearing, Ms. Miles was also critical of
the court because it had not transmitted the withdrawal motion to
the district court. Because the bankruptcy court does not
adjudicate such motions, until Ms. Miles mentioned the motion at
the hearing, the court was unaware that it had been filed. And,
it is the bankruptcy court clerk, not the bankruptcy judge, who
transmits the withdrawal motion to the district court.[14]

---

resolve the withdrawal motion.

[13] At the October 20 hearing on the motion to dismiss, Ms.
Miles indicated that her withdrawal motion included a request for
a stay of the prosecution of the adversary proceeding in the
bankruptcy court, pending the district court's resolution of the
withdrawal motion. A review of that motion, which is seven lines
long, reveals that it does not request a stay. If a stay is
requested it is properly directed in the first instance to the
bankruptcy court. See Fed. R. Bankr. P. 5011(c).

[14] To the extent Ms. Miles believes the clerk has
unreasonably delayed transmitting her withdrawal motion to the
district court, her complaint is not well-founded. The following
can be ascertained from the docket. When the withdrawal motion
was received by the clerk on September 19 it was not accompanied
by the filing fee. Two days after the fee was received on
September 22, the clerk sent a notice to Ms. Miles, the
Makishimas and their attorneys, and the United States Trustee,
informing them that any opposition to the motion had to be filed
and served within 10 days. Because timely opposition was filed
by the Makishimas on October 3, the clerk waited for Ms. Miles'

-24-

Therefore, the court could not act on the withdrawal motion and its pendency is not a basis for it to delay acting on the motion to dismiss the amended complaint.

The second intervening development was the filing of the motion to recuse Judge McManus.  It was filed one court day prior to the October 20 hearing.  The court must dispose of the recusal motion prior to proceeding further with any pending matter.

III

Ms. Miles complains, in the particulars enumerated above, that the court has shown bias and prejudice against her.

Fed. R. Bankr. P. 5004(a) provides that "[a] bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case."

Judges are obligated to perform their duties impartially and diligently.  See ABA Code of Judicial Conduct, Canon 3.  Section 455(a) requires a bankruptcy judge to disqualify himself in any

---

reply.  It was filed on October 15.  Thereafter, on October 27, the motion, the opposition, and the reply were transmitted by the clerk to United States District Court for the Eastern District of California.  Because neither Fed. R. Bankr. P. 5011, nor the local rules of this court or the United States District Court for the Eastern District of California, specify time parameters for responding to and transmitting a withdrawal motion, and because the procedure used in this case is consistent with the guidelines given in the Clerks Manual, Chapter 6: Bankruptcy Proceedings and the US District Courts, section 6.05, Withdrawal of a Reference (jnet.ao.dcn/Guide/Volume_5/Chapter_6/6_05.html), this court finds no basis for Ms. Miles' claim that her motion has not been seasonably transmitted to the district court.

proceeding in which his impartiality might reasonably be
questioned.   "[W]hat matters [here] is not the reality of bias or
prejudice but its appearance."  <u>Liteky v. United States</u>, 510 U.S.
540, 548 (1994); <u>see also</u> 28 U.S.C. § 455(a).   Thus, a judge's
disqualification is based on an objective test, requiring a
consideration of whether a reasonable person with knowledge of
all the facts would conclude that the judge's impartiality might
reasonably be questioned.  <u>United States v. Nelson</u>, 718 F.2d 315,
321 (9th Cir. 1983).

A judge displaying a bias or prejudice fails to perform his
duties impartially.  Bias or prejudice are generally defined as a
judicial predisposition that is wrongful or inappropriate and
that goes beyond what is normal and acceptable.  <u>Liteky</u>, 510 U.S.
at 552.  The presence of disqualifying bias or prejudice is often
the judge's knowledge of facts that have been obtained from
extra-judicial sources.  <u>Liteky</u>, 510 U.S. at 554-55.


                                A

Most of Ms. Miles' grounds for recusal are rooted in the
court's prior decisions which she believes to be incorrect.

In Part II of this Memorandum, each of these decisions has
been reviewed and explained.  Nothing that has been presented by
Ms. Miles convinces the court that its prior decisions modifying
the automatic stay, denying a fee waiver, denying a stay pending
appeal, declining to schedule a jury trial, denying injunctive
relief, and tentatively granting the motion to dismiss the
adversary proceeding, were erroneous or unfair.  Nor does it
believe that a reasonable person apprised of the facts would

-26-

conclude that in making these decisions the court displayed a
bias or prejudice.  Rather, a reasonable person would conclude
that the court based its decisions on the record and the
applicable law, rather than on a wrongful or inappropriate
predisposition toward Ms. Miles.

Also, some of Ms. Miles complaints are based on perceived
adverse rulings not actually made by the court.

The court entered no order barring Ms. Miles from filing
documents electronically.  Rather, Local Bankruptcy Rule 5005-
1(c)(1) requires all persons not represented by attorneys to file
and serve paper documents.  This rule was adopted on April 3,
2006, well before Ms. Miles and the Makishimas appeared in this
court.

Before an attorney may file documents electronically, he or
she must receive training from the office of the court clerk.
Considering that approximately 20 to 30% of all bankruptcy
petitions in this court are filed by unrepresented persons, and
considering the thousands of unrepresented creditors filing
proofs of claim, requests for notices, complaints, and motions,
it is not feasible for the clerk to train unrepresented persons
to use the current electronic filing system.  Instead, the clerk
focuses his limited resources on providing this training to
attorneys who regularly appear in this court.[15]

Similarly, the court entered no order in this case
preventing Ms. Miles from filing documents in the court's drop

---

[15] Attorneys who only infrequently appear in bankruptcy cases
may request waivers of the electronic filing requirement.  See
Local Bankruptcy Rule 5005-1(c)(2).

box.  The bankruptcy court discontinued the availability of its drop box for reasons unrelated to Ms. Miles, the Makishimas, or this case.

Both the district court and bankruptcy court in the Eastern District of California made the decision to discontinue the use of a 24-hour accessible drop box on the exterior of the Sacramento courthouse due to security concerns.  These concerns were brought to the attention of the courts by the United States Marshal following the May 4, 2008 bombing at the San Diego federal courthouse.

On May 7, this court posted the following notice on its website:

**PUBLIC NOTICE REGARDING THE COURT'S DROP BOX**
**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**PUBLIC NOTICE**

**DUE TO INCREASED SECURITY CONCERNS, EFFECTIVE IMMEDIATELY, THE COURT'S DROP BOX IS PERMANENTLY CLOSED.**
**ALL DOCUMENTS MUST BE FILED WITH THE CLERK'S OFFICE LOCATED ON THE THIRD FLOOR (Sacramento) OR SECOND FLOOR (Fresno) BETWEEN THE HOURS OF 9:00 A.M. TO 4:00 P.M. MONDAY THROUGH FRIDAY.**

See http://www.caeb.uscourts.gov/whatnew/whatsnew.asp.

Neither the 2006 adoption of a local rule limiting the electronic filing of documents to attorneys, nor the court's discontinued use of a filing drop box for security reasons can reasonably be taken to mean that the court harbors some bias or prejudice against Ms. Miles.

Finally, the court did not fail to act on the motion to withdraw the reference or refuse to transfer this proceeding to the district court.  No decision has been made on that motion because only the district court is authorized to act on it.

-28-

Assuming that one or all of the decisions actually made by the court were erroneous in some respect, they are not a basis for recusal.  If the court made a mistake, the remedy is to appeal its erroneous decisions.  <u>See</u> <u>Liteky</u>, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); <u>In re Huntington Commons Assocs.</u>, 21 F.3d 157 (7th Cir. 1994).

B

As noted earlier, knowledge of a case gleaned from extra-judicial sources is a common basis for judge's disqualification.

The closest Ms. Miles comes to making such a claim is her assertion that the court made a statement in court that "<u>we</u> decided to remand" the state court case.  The use of the pronoun "we" suggests to Ms. Miles that the court was speaking to, perhaps colluding with, someone else when makings rulings adverse to Ms. Miles' interests.

For the record, the court has not conferred with a judge from another court regarding Ms. Miles' litigation with the Makishimas.  Nor has it had any extra-judicial contact with anyone else regarding the matter.

Of course, the issue is not whether the court actually had such extra-judicial contact but whether a reasonable person would conclude that it had occurred.

The court has not been able to locate in the transcript for any hearing an instance where it was stated that "we decided to remand" the litigation to the state court.  Assuming such a statement was made, it does not reasonably suggest that the court

-29-

had been speaking off the record with anyone regarding this case.

"The court" is comprised of more than just a judge; it is an institution comprised of many judges and professionals. Consequently, when a judge of a court speaks or writes, he may indulge in the pretension of referring to himself as "the court" and to the court as "we" rather "I" or "me".

## IV

Viewed objectively, the court concludes that the record does not support a conclusion that it has exhibited an inappropriate or wrongful bias against Ms. Miles.  On the contrary, it shows that the court has taken the time necessary to understand each motion filed by the parties, conducted hearings in a timely fashion while permitting continuances when appropriate, issued tentative rulings in advance of hearings and sometimes modified those rulings after considering the oral arguments of the parties, and explained its final rulings, usually in written decisions.  While Ms. Miles takes issue with those decisions, this does not mean that the court is biased.  It means only that it disagrees with her.  And, if Ms. Miles believes the court has ruled incorrectly, she should pursue appropriate appellate remedies.

Because the court concludes that there are no grounds for its recusal, it is duty bound to deny the motion and to continue to preside in this proceeding.  See e.g., In re Computer Dynamics, Inc., 253 B.R. 693 (E.D. Va. 2000).

///

///

A separate order will be entered.

Dated: *10 Nov. 2008*

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA**

**CERTIFICATE OF SERVICE**

    **The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was served by mail to the following entities listed at the address(es) shown below.**

Asa Hami
300 S Grand Ave 22nd Fl
Los Angeles, CA 90071-3132

Brett Schuman
1 Market St Spear St Tower
San Francisco, CA 94105

John Downing
109 Geary St 4th FL
San Francisco, CA 94108

Grace Miles
21 Willow Rd #22
Menlo Park, CA 94025

Royce Makishima
1010 San Ramon Way
Sacramento, CA 95864

Terra Makishima
1010 San Ramon Way
Sacramento, CA 95864

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

**DATED:** NOV 1 0 2008

**By:** _____
                     **Deputy Clerk**

Sarah Head